**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4522**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JESUS CHAIDEZ-MEZA,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:19-cr-00165-RDB-1)

Submitted: July 29, 2021                     Decided: August 12, 2021

Before GREGORY, Chief Judge, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Jeffrey J. Izant, Assistant United States Attorney, James G. Warwick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Chaidez-Meza appeals his conviction and the 144-month sentence imposed for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Chaidez-Meza's conviction and sentence resulted after a jury convicted him for his involvement in a Mexican drug trafficking organization that, between September 2016 and February 2017, transported large quantities of cocaine from Los Angeles to Baltimore. On appeal, Chaidez-Meza asserts that the district court erred when it denied his motion to suppress his post-arrest statement to federal law enforcement agents because he never waived his right to counsel and was overborne by the agents' interview tactics. Chaidez-Meza also asserts that the district court erroneously instructed the jury regarding acts done or statements made in furtherance of the conspiracy because, according to Chaidez-Meza, the instruction was used to justify the admission of evidence that was outside the parameters of the conspiracy with which he was charged and, thus, should not have been admitted. Finding no error, we affirm.

In "reviewing a district court's ruling on a motion to suppress, this [c]ourt reviews conclusions of law de novo and underlying factual findings for clear error. If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir.) (internal citations, quotation marks, and brackets omitted), *cert. denied*, 141 S. Ct. 310 (2020). While Chaidez-Meza asserts that the district court erred when it determined that

he waived his *Miranda**[*]* rights, a valid waiver "need not be explicit" and "may be inferred from all of the circumstances." *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984); *see United States v. Cardwell*, 433 F.3d 378, 389-90 (4th Cir. 2005) ("Because [defendant] had been fully informed and indicated his understanding of his *Miranda* rights, his willingness to answer [the agent's] question is as clear an indicia of his implied waiver of his right to remain silent as we can imagine.").

We find that the district court correctly determined that the circumstances surrounding the agents' questioning of Chaidez-Meza readily permit such an inference here. After advising Chaidez-Meza of his *Miranda* rights, agents asked Chaidez-Meza if he understood his rights and Chaidez-Meza explicitly responded in the affirmative. Chaidez-Meza then proceeded to respond to the agents' questions for nearly two hours and at no point during the interview did Chaidez-Meza ask that the questioning cease or indicate that he wished to have an attorney present. These facts are "clear . . . indicia of [Chaidez-Meza's] implied waiver of his right to remain silent." *Cardwell*, 433 F.3d at 389-90.

We reject Chaidez-Meza's argument that his post-arrest statement should have been suppressed as involuntary. There is no "doubt that oppressive custodial conditions can vitiate the voluntariness of a confession." *Id.* at 389 n.4. For a statement to be involuntary, however, it must be "extracted by . . . threats or violence," or "obtained by . . . direct or implied promises, however slight, or by the exertion of . . . improper influence." *United*

---

[*] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

*States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997) (en banc) (brackets and internal quotation marks omitted). "The mere existence of threats, violence, implied promises, improper influence, or other coercive police activity, however, does not automatically render a confession involuntary." *Id.*

Rather, "[t]he test for determining whether a statement is involuntary under the Due Process Clause is whether the defendant's will has been overborne or his capacity for self-determination critically impaired because of coercive police conduct." *United States v. Cristobal*, 293 F.3d 134, 140 (4th Cir. 2002) (internal quotation marks and citations omitted). "To determine whether a defendant's will has been overborne or his capacity for self determination critically impaired, courts must consider the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." *Id.* (internal quotation marks omitted). "Though an appellate court must make an independent determination on the issue of voluntariness, the district court's findings of fact on the circumstances surrounding the confession are to be accepted unless clearly erroneous." *Id.* We have reviewed the record and agree with the district court that the record contains no indicia that Chaidez-Meza's will was overborne or that his capacity for self-determination was critically impaired during the agents' questioning.

We also reject Chaidez-Meza's arguments regarding the district court's decision to admit evidence of, or to instruct the jury regarding, acts done by others in furtherance of the conspiracy with which Chaidez-Meza was charged. Because Chaidez-Meza failed to object to the introduction of evidence pertaining to events that post-dated his departure

4

from Maryland, we review this assignment of error for plain error. *See United States v. Olano*, 507 U.S. 725, 731 (1993). To establish plain error, Chaidez-Meza "must show (1) that the court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. Muslim*, 944 F.3d 154, 163 (4th Cir. 2019) (internal quotation marks omitted). Even if Chaidez-Meza can meet this test, however, "we retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Chaidez-Meza has failed to establish plain error by the district court.

First, we find that the evidence, which included conduct by Chaidez-Meza himself and followed the charged time period by only a couple of months, was admissible because it was "necessary to complete the story of the crime (on) trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994); *see United States v. Brizuela*, 962 F.3d 784, 795 (4th Cir. 2020) ("[F]or evidence of uncharged conduct to be admissible to 'complete the story' of a charged offense, the evidence must be probative of an integral component of the crime on trial or provide information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself."). We conclude that the challenged evidence also was admissible because "it arose out of the same series of transactions as the charged offense." *Kennedy*, 32 F.3d at 885 (internal quotation marks and ellipses omitted). Accordingly, we discern no error, let alone plain error, by the district court.

5

To the extent Chaidez-Meza asserts that he withdrew from the conspiracy when he left Maryland in December 2016, Chaidez-Meza never raised a withdrawal defense in the district court, nor did he request a withdrawal instruction. Thus, as this court held in *United States v. Cornell*, "[t]he jury . . . properly considered evidence related to the conspiracy up to its conclusion in determining its verdict as to [Chaidez-Meza]." 780 F.3d 616, 632 (4th Cir. 2015). In any event, while Chaidez-Meza bore the burden to prove withdrawal from the conspiracy, *see Smith v. United States*, 568 U.S. 106, 109-12 (2013), he presented no such evidence in the district court and fails to identify any such evidence on appeal. We reject Chaidez-Meza's suggestion that his mere relocation to California evidenced an affirmative disavowal of the conspiracy for which he was convicted. *See United States v. Wooten*, 688 F.2d 941, 946-47 & n.5 (4th Cir. 1982) (to establish the withdrawal affirmative defense, a defendant must take "action inconsistent with [his] continued participation in the criminal undertaking" and such affirmative act must be "communicated in a manner reasonably calculated to reach co-conspirators" (internal quotation marks and parenthetical omitted)).

Because Chaidez-Meza properly objected to the jury instruction regarding acts done by others in furtherance of the conspiracy, we review the "district court's decision to give [the] jury instruction for abuse of discretion" and "whether [the] jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018). When a jury instruction is challenged on appeal, "the key issue is whether, taken as a whole, the instruction fairly states the controlling law." *United States v. Savage*, 885 F.3d 212, 222-23 (4th Cir. 2018) (internal quotation marks omitted). Thus, we "must determine whether

6

the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Miltier*, 882 F.3d at 89 (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the erroneous instruction *seriously* prejudiced the challenging party's case." *Id.* (internal quotation marks omitted).

While Chaidez-Meza concedes that the challenged jury instruction was a correct statement of the law, he asserts on appeal that the instruction was misapplied in this case and that the district court's error of admitting evidence of events that post-dated his December 2016 departure from Maryland compounded the error. Because the district court committed no error when it allowed the Government to present the jury with evidence of activities that occurred after Chaidez-Meza left Maryland, however, *see supra*, the district court was fully justified in instructing the jury regarding whether those activities could be attributed to Chaidez-Meza. *See United States v. Moye*, 454 F.3d 390, 398 (4th Cir. 2006) (recognizing that it is within a district court's discretion to give a jury instruction "where there [is] an evidentiary basis to support the instruction"). Insofar as Chaidez-Meza contends that the instruction was inappropriate because the February 2017 conduct by his coconspirators was not actually in furtherance of, or committed during, the particular conspiracy Chaidez-Meza joined, we find that the district court's instruction "was sufficiently precise to instruct the jury in [Chaidez-Meza's] theory of defense." *See United States v. Heater*, 63 F.3d 311, 326 (4th Cir. 1995) (internal quotation marks omitted). Accordingly, we find that the district court committed no error when it instructed the jury

regarding its consideration of acts done by others in furtherance of the conspiracy for which Chaidez-Meza was charged.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*